CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 06, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THAD GILBERT COOPER, | ) |
| | ) |
| Plaintiff, | )  Case No. 7:24-cv-00645 |
| | ) |
| v. | )  **MEMORANDUM OPINION** |
| | ) |
| DR. B. MULLEN, et al. | )  By:   Hon. Thomas T. Cullen |
| | )         United States District Judge |
| Defendants. | ) |

Plaintiff Thad Gilbert Cooper, proceeding *pro se,* filed this civil-rights action under 42 U.S.C. § 1983 on September 3, 2024, in the United States District Court for the Eastern District of Virginia. (*See* Compl. [ECF No. 1].) Because the events underlying Plaintiff's claims occurred at Wallens Ridge State Prison ("WRSP"), within this district, the case was transferred to this Court. (*See* Transfer Order [ECF No. 3].) This matter is now before the Court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's claims will be dismissed with prejudice for failure to state a claim for which relief may be granted.

### I.     BACKGROUND

In his complaint, Plaintiff alleges that, while he was incarcerated at WRSP, his medical needs were not met. (Compl. 4.) Specifically, Plaintiff claims that, on September 1, 2022, Dr. B. Mullen told Plaintiff he had a blood clot when he actually had an 18-inch liver abscess, which ultimately caused him to enter a state of pre-cardiac arrest. (*Id.*) Plaintiff further claims that, if he were not at the hospital at the time, he "could [have] died" and alleges he could not "eat or breath[e]" for six months because of his condition. (*Id.*) Based on these allegations,

Plaintiff seeks monetary relief from Dr. Mullen and unnamed "Med Staff" at WRSP for his misdiagnosis, pain, and suffering.[1] (*Id.* at 1–6.)

## II.   STANDARD OF REVIEW

Before or soon after docketing, the Court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the Court must dismiss the complaint, or any portion of thereof, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the Court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267 (4th Cir. 2024) (citations omitted). The Court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the Court liberally construes the allegations in his favor and should not dismiss his claims unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 126–27 (4th Cir. 2023). Similarly, when an action implicates civil-rights interests,

---

[1] Plaintiff claims he did not file a grievance relating to his claims because he "could not get the paperwork" and admits that he did not complain to prison authorities about the lack of grievance procedure. (Compl. 3.) But because failure to exhaust is an affirmative defense and exhaustion need not be demonstrated in a prisoner's complaint, *Jones v. Bock*, 549 U.S. 199, 211 (2007)—and even assuming that Plaintiff was excused from 42 U.S.C. § 1997e(a)'s exhaustion requirement, his claims must be dismissed—the Court does not analyze whether Plaintiff adequately exhausted administrative remedies before filing this action.

the Court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Id.*

### III. ANALYSIS

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Here, even liberally construing Plaintiff's complaint in his favor, Plaintiff has failed to allege facts showing a constitutional violation occurred, and the Court must therefore dismiss his claims. *See* 28 U.S.C. § 1915A.

"Claims that prison officials failed to provide adequate medical care to an inmate . . . sound in the Eighth Amendment." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "Because 'adequate . . . medical care' is a basic condition of humane confinement, a prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To establish a claim for deliberate indifference to a serious medical need, a prisoner must allege facts sufficient to show that (1) the deprivation was sufficiently serious and (2) the prison officials acted with a sufficiently culpable state of mind toward the prisoner's medical needs. *Id.* (citations omitted). To satisfy the second prong, the plaintiff must

allege that the official (a) had "actual knowledge of the risk of harm to the inmate" and (b) "recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Id.* (citations omitted). Although "actual purposive intent" is not required to show deliberate indifference, "mere negligence" is not enough, and the fact that "the harm ultimately was not averted" is insufficient to trigger Eighth Amendment liability. *Id.* (citation omitted).

Plaintiff's deliberate-indifference claims in this case rest solely on his allegations that Defendant Mullen misdiagnosed his liver abscess. (*See* Compl. 1–6.) But it is well-established that "merely misdiagnosing an inmate does not amount to deliberate indifference." *Dallas v. Craft*, No. 3:21CV349 (DJN), 2022 WL 4370440, at *8 (E.D. Va. Sept. 21, 2022); *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Johnson v. Quinones*, 145 F.3d 164, 166 (1998) ("[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference."); *Nellson v. Doe*, No. 21-6206, 2023 WL 3336689, at *5 (4th Cir. May 10, 2023) (allegations that defendants "misdiagnosed [Plaintiff's] injuries or failed to provide him with appropriate treatment . . . have no bearing on the Eighth Amendment claim described in [Plaintiff's] complaint"). "A misdiagnosis"—like any other negligent act—"is not actionable under § 1983." *Bugg v. Burrell et al.*, No. 1:20CV349 (AJT/TCB), 2020 WL 5995497, at *5 (E.D. Va. Oct. 9, 2020), *aff'd sub nom. Bugg v. Burrell*, No. 20-7589, 2021 WL 1157837 (4th Cir. Mar. 26, 2021).

Even allegations that a prison official committed medical malpractice are not enough to state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does

not become a constitutional violation merely because the victim is a prisoner."); *Nellson*, 2023 WL 3336689, at *5 (4th Cir. May 10, 2023) (agreeing "with the district court that [the plaintiff's allegations] describe behavior that might support a medical malpractice claim but do not make out a case of deliberate indifference"). *Jackson v. Lightsey*, 775 F.3d 170, 178–79 (4th Cir. 2014) ("While a non-cardiologist's erroneous diagnosis of a serious heart condition . . . may well represent a deviation from the accepted standard of care, standing alone it is insufficient to clear the 'high bar' of a constitutional claim."); *Wester v. Jones*, 554 F.2d 1285, 1286 (4th Cir. 1977) ("Even if the doctor were negligent in examining [Plaintiff] and in making an incorrect diagnosis, his failure to exercise sound professional judgment would not constitute deliberate indifference to serious medical needs."). Additionally, the fact that the misdiagnosis had serious health consequences is also not enough to convert negligent conduct into a constitutional violation. *See Jackson*, 145 F.3d at 168–70 (prison official was not liable for failing to diagnose prisoner's pituitary tumor, even though the misdiagnosis caused him to go blind).

Here, Plaintiff has not alleged any fact that would take his misdiagnosis out of the realm of ordinary negligence and into the realm of deliberate indifference to his serious medical needs. Nothing in the complaint allows the Court to reasonably infer that any Defendant knew the risks associated with Plaintiff's liver abscess and knew that his or her actions were insufficient to mitigate those risks. *See Pfaller*, 55 F.4th at 445. Consequently, Plaintiff has not stated a claim for relief based on Defendants' alleged deliberate indifference.

## IV. CONCLUSION

Because Plaintiff has not any alleged facts showing he would be entitled to any relief under § 1983, the Court will dismiss his claims, with prejudice, under 28 U.S.C. § 1915A.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff at his last known address.

**ENTERED** this 6th day of November, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE